## RUSCH v. JOHN DUNCAN LAND AND MINING COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 53. Argued December 14, 1908.—Decided January 4, 1909.

The decision of the highest court of the State that a statutory notice complies with the statute is determinative.

Where title is taken subject to statutory provisions for redemption, the exercise of the right of redemption so reserved does not deprive the owner of his property without due process of law.

THE facts are stated in the opinion.

*Mr. O. H. Reed,* with whom *Mr. E. C. Chapin* was on the brief, for plaintiff in error.

*Mr. J. F. Carey,* with whom *Mr. C. C. Lancaster* was on the brief, for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is a bill in equity brought by defendant in error, hereinafter called the land and mining company, against plaintiff in error in the Circuit Court for the county of Gogebic, State of Michigan, to remove a cloud from the title to certain lands caused by a tax deed held by plaintiff in error, and to compel a reconveyance to that company of the land described therein.

The foundation of the suit and the questions in it depend upon the tax laws of the State.

The bill alleged that the land and mining company was the owner in fee simple of the lands, and that Albert H. Rusch, the plaintiff in error here, held a tax deed therefor, issued by the auditor general of the State for delinquent taxes for the years 1889 to 1901, both inclusive, for which plaintiff in error paid the sum of $648.74. That the deed was issued after the provisions of Act No. 229 of the Laws of 1897, Public Acts 294, went into effect, and that the notice given by plaintiff in error to the owners of the land of the sale to him did not comply

with the provisions of the tax law. It was alleged that plaintiff in error claimed absolute title to the land by virtue of the tax deed and the notice which he claimed to have served upon the then owners of the lands, because the six months allowed for redemption had expired and no redemption had been made. An offer by the land and mining company to refund the amount paid by plaintiff in error with the percentage and costs required by the laws is alleged.

The answer of plaintiff in error admitted certain of the allegations of the bill, denied others, and set up, with a recitation of circumstances, the sufficiency of the notice to cut off the right of redemption of the owners of the lands. And it alleged that the Act No. 229 of the Public Laws of 1897 with the amendments thereto violated certain sections of the constitution of the State of Michigan and the Fourteenth Amendment of the Constitution of the United States.

After proofs taken the Circuit Court dismissed the bill. The court held that the notice given by plaintiff in error to the predecessors in title of the land and mining company of the sale of the lands for taxes and the issuing of deeds therefor was sufficient under the statute to cut off the right of redemption, and considered that, in view of such holding, it was not necessary to pass on the constitutionality of Act No. 229. The Supreme Court of the State, however, decided that the notice was insufficient and reversed the decree of the Circuit Court. Plaintiff in error then sued out this writ of error, asserting jurisdiction in this court, because he contends a question under the Fourteenth Amendment of the Constitution of the United States is presented.

It will be observed that the Circuit Court held that the notice of the tax sale was sufficient and that the Supreme Court decided that it was insufficient. Of course, the decision of the Supreme Court is determinative, and equally, of course, if there is nothing else in the case but a matter of statutory construction, we have nothing to do with it. And that such is the case a brief statement will demonstrate.

In August, 1902, plaintiff in error purchased from the State, under the provision of its statutes, tax titles to the lands involved in this case, receiving two deeds therefor, one conveying a portion of the lands and the other conveying the remainder. Each deed contained the following proviso: "Provided, however, that this indenture is subject to the relevant conditions imposed by Act No. 229 of the Public Acts of 1897 as amended." That act requires the grantee in a tax deed, before instituting proceedings to obtain possession, to serve upon the original owner, as shown by the records in the office of the register of deeds, a notice giving such original owner a period of six months from the time of service of the notice in which he may redeem the property by paying to the owner of the tax title the amount invested therein, and 100 per cent in addition thereto, and the further sum of $5.00 for each description of land contained in the tax deed. Plaintiff in error. attempted to give that notice and its sufficiency constituted the controversy in the state courts.

The trial court held it sufficient, as we have seen; the Supreme Court held it insufficient. The decision of the Supreme Court would seem to settle the meaning of the statute, and to get rid of the effect of the decision plaintiff in error attacks. the constitutionality of the statute. He is put thereby in the dilemma of attacking the law upon which he relies for title. The argument by which this anomaly is sought to be sustained is somewhat involved, but, as we understand it, its ultimate. reliance is the contention that by the proceedings under the tax laws the State acquired the absolute title to the lands and conveyed that title to plaintiff in error, and that the aim of Act No. 229 is to divest such title and transfer it to another, and therefore it is further contended the property of the plaintiff in error is taken without due process of law. There is also a contention, based upon the construction of the laws, that they are unequal in their operation.

If the title was taken subject to redemption it cannot be said to be divested without due process of law if redemption

was exercised according to law. And how redemption should be exercised and how it could be cut off depended upon the provisions of the statute and, therefore, the best answer to the assumption of plaintiff in error, that he acquired an indefeasible title, is the answer given by the Supreme Court of the State, whose province it is to pronounce the meaning of the statutes of the State without question by this court. The court said: "The deeds which the defendant received from the State are expressly made subject to the relevant conditions imposed by Act No. 229, Public Acts of 1897, as amended. Whatever the title which the State held, it sold to defendant [plaintiff in error] an interest in the lands which was liable to be divested." And the court sustained the bill and ordered a decree to be entered in accordance with its prayer.

*Judgment affirmed.*